IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL L. TATE                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:05CV310-SAA

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY                                                              DEFENDANTS

**MEMORANDUM OPINION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Michael L. Tate for disability benefits under Title II of the Social Security Act. In accordance with the provisions of 28 U.S.C. § 636(c) both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff was born on September 10, 1948, and was fifty-six years old at the time of the hearing decision on March 25, 2005. He completed the ninth grade in school and then earned a GED in the armed services. The plaintiff's past relevant work has been as a paper route carrier, newspaper route supervisor and a land owner/retailer manager. He filed his application for disability insurance benefits under Title II on January 15, 2004. Specifically, the plaintiff claims that he is entitled to a period of disability and disability insurance benefits under Sections 216(I) and 223 of the Social Security Act. In his application, he alleged a disability onset date of October 25, 2000, due to chest pain, dizziness, back pain and headaches. The Social Security

1

Administration denied plaintiff's application initially and on reconsideration. Following a hearing, on February 8, 2005, the Administrative Law Judge ("ALJ") entered a decision, finding that the plaintiff was not disabled. On September 23, 2005, the Appeals Council denied the plaintiff's request for review. Thereafter, the plaintiff filed the present action with this court. The ALJ's final hearing decision is now ripe for review.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands

---

[1] *See* 20 C.F.R. §§ 404.1520 (1998).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b) (1998).

[4] 20 C.F.R. §§ 404.1520(c) (1998).

[5] 20 C.F.R. §§ 404.1520(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525 (1998).

of his past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

By decision dated March 25, 2005, the ALJ found that the plaintiff suffered from dizziness, headaches, Syndrome X and disorders of the back, but that he did not have an impairment or combination of impairments medically equal to the listings and that he was not under a disability as defined by the Social Security Act. On appeal, the Appeals Council considered all the evidence before it, including additional medical records and a letter from plaintiff's treating physician, John E. Stanback, M.D., but found that there was no basis for changing the ALJ's decision.

On appeal to this court the plaintiff makes the following arguments: (1) the ALJ failed to afford controlling weight to the opinion of plaintiff's treating physician; (2) the hypothetical question posed to the vocational expert was flawed in that it failed to recognize all of plaintiff's impairments; (3) the decision is not based on substantial evidence in light of the degree of impairment caused by the combination of plaintiff's several severe impairments. The court will address the plaintiff's arguments.

## II. STANDARD OF REVIEW

---

[6] 20 C.F.R. §§ 404.1520(e) (1998).

[7] 20 C.F.R §§ 404.1520(f)(1) (1998).

[8] *Muse*, 925 F.2d at 789.

3

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Thus, this court may not overturn the Secretary's decision if it is supported by substantial evidence–"more than a mere scintilla" -- and correctly applies the law. *Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2001); *see also Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.

1994).

## III. DISCUSSION

  A.  Affording Proper Weight to Opinions of a Treating Physician

  The plaintiff argues that the ALJ erred in failing to set forth the requisite good cause for affording lesser weight to the opinions of her treating physician Dr. John E. Stanback. The medical evidence contains records from Dr. Stanback showing his treatment of the plaintiff for a period of at least five years. While the record contains no medical source statements or indication as to the plaintiff's residual functional capacity ("RFC") from Dr. Stanback, there is a letter from him which was submitted to the Appeals Council, after the hearing before the ALJ, which states that plaintiff is very limited in lifting any objects over 5 pounds and he cannot stoop or bend. (Tr. 264). In addition, the letter states that plaintiff has a limited ability to stand for any period of time and, due to his dizziness, he should not conduct any activity around machinery or that requires looking upward.

  The only medical source statement in the record is from Dr. Adediji O. Oisinloye, M.D., a consultative examining physician, which limits the plaintiff's ability to occasionally lift and carry to 20 pounds and frequently lift and carry only 10 pounds; it places no limitations on the plaintiff in the areas of standing/walking or sitting, postural activities such as stooping, kneeling or crawling, or on physical functions. (Tr. 260 - 263). While there does appear to be a marking regarding an environmental restriction, there is no specification as to what that restriction is, but simply that the area next to "Other" seems to be marked as "yes" but with no other indications. (Tr. 260 - 263). Additionally, the record contains a Residual Functional Capacity Assessment form from Dr. Michael D. Maples, M.D., a Disability Determination Services physician, which

5

states that plaintiff has the ability to occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, that he is able to sit/stand/ or walk (respectively) for about 6 hours in an 8-hour workday (with normal breaks) and that he has no limitations on his ability to push or pull, no postural limitations, manipulative limitations, visual limitations, communicative or environmental limitations. (Tr. 162 - 169). It appears that the ALJ adopted the RFC of Dr. Oinloye in his decision. (Tr. 23 - 24, Finding No. 6). In accordance with that finding, and with the aid of testimony by a vocational expert, found that the plaintiff would be able to return to his past relevant work as a land owner/retail manager. In his decision, however, the ALJ makes no mention of the notations in Dr. Maples' RFC assessment that plaintiff may sit, stand/or walk, respectively, for only about 6 hours in an 8 hour workday.

Although the ALJ did not have the evidence of Dr. Stanback's letter at the time of the hearing, it would not have been difficult for him to have obtained an assessment or opinion statement from Dr. Stanback as to plaintiff's abilities and limitations as related to the criteria within the Social Security regulations. In fact, an ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence. . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide "additional evidence or clarification" will be sought "when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

In order for an ALJ to properly afford lesser weight to the medical opinions of a treating

6

physician, he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. §404.1527(d)(2)." *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The fact that the ALJ did not follow these criteria, according to the plaintiff, makes his failure to afford controlling weight to the opinions of the treating physician an error as a matter of law. The only mention by the Commissioner regarding the plaintiff's argument that the ALJ failed to afford proper weight to the opinion of the plaintiff's treating physician is "[t]he ALJ did not mention the May 23, 2005 letter from Dr. Stanback. . . . This letter was written two months after the ALJ issued his decision." Commissioner's brief at p. 11. "Had such limitations [as stated in the letter] been before the ALJ, it is quite likely that he would have discounted them." *Id.*

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); 20 C.F.R. § 404.1527(d)(2). Although the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the

7

evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

In *Newton*, the Fifth Circuit noted that there are several factors that the ALJ must consider before declining to give evidence of a treating physician controlling weight:

(1) the physician's length of treatment of the claimant,

(2) the physician's frequency of examination,

(3) the nature and extent of the treatment relationship,

(4) the support of the physician's opinion afforded by the medical evidence of record,

(5) the consistency of the opinion with the record as a whole; and

(6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d)(2). Social Security Administration Regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion," and the regulations list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." *See Id.* The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

*Newton* at 456.

Pursuant to SSR 96-5p, an ALJ must provide appropriate explanations when the treating

physician's opinions are not afforded controlling weight. *Id.* In this case, the ALJ clearly reviewed Dr. Stanback's records and all the medical evidence in the record as well documented through out his decision. However, the ALJ failed to follow specifically the criteria laid out in *Newton*. In fact, the ALJ neither referred to the *Newton* criteria, nor did he clearly consider each of the § 404.1527(d) factors. Instead, he simply adopted the RFC of Dr. Oinloye without any statement of cause, much less good cause, for not giving controlling weight to the opinion of plaintiff's treating physician.

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (*per curiam*) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). While the ALJ is afforded discretion when reviewing facts and evidence in a cause, the ALJ is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to claimant's RFC may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999). Finally, where an ALJ fails to provide appropriate explanations in not affording proper weight to a plaintiff's treating physicians' opinions, the cause must be remanded. *Newton* 209 F. 3d at 456.

Although there may be substantial evidence to deny the plaintiff's claims, review of the

9

ALJ's decision and the record in this case does not reveal whether the ALJ considered all the necessary factors before failing to afford controlling weight to the opinion of plaintiff's treating physician. Without specific citations and a statement of good cause as required by 20 C.F.R. §404.1527(d)(2), the court cannot afford the plaintiff a full and meaningful review of this appeal. Further, it is clear that additional development of the record, specifically in the form of a medical source statement or opinion letter from the treating physician, would have been easily obtained had the ALJ sought such information. In a case such as this, where the record is incomplete, and specifically where the information could be easily obtained, the Commissioner should contact an examining physician. 20 C.F.R. § 404.1509p(b) (2000). In fact, the ALJ has a duty to seek clarification when a treating physician's report is incomplete or inadequate. *Newton v. Apfel*, 209 F.3d 448 at 453. The court is of the opinion a Medical Source Statement/ RFC assessment by Dr. Stanback would have been helpful to the ALJ and potentially provided a more complete picture of the plaintiff's medical conditions and abilities as they relate to her potential for employment or benefits under the Social Security Act. The court cannot simply accept the government's assertion that had information, as provided to the Appeals Council in Dr. Stanback's letter regarding the plaintiff, been available to the ALJ he would have likely discounted it. Although that may be true, in this case it appears that the submission of such additional information to the ALJ may provide evidence that could change the result in the instant case. Even if the result is not changed, the ALJ would then have the necessary evidence to adequately determine, according to *Newton* and 20 C.F.R. § 404.1527(d)(2) that there exists good cause for discounting the treating physician's opinion. Accordingly, the undersigned finds that decision of the Commissioner should be remanded for further proceedings after this specific

information or opinion statement is obtained from Dr. Stanback.

B.  Plaintiff's Remaining Argument

Because this action is being remanded to the ALJ for further consideration of the plaintiff's treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

## CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day.

This, the 31st day of October, 2006.

                                         /s/ S. ALLAN ALEXANDER
                                         UNITED STATES MAGISTRATE JUDGE